UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON WALTON on behalf of Plaintiff and the class members described below,<br><br>                Plaintiff,<br><br>    v.<br><br>UPROVA CREDIT LLC,<br>UPROVA HOLDINGS LLC,<br>UPPER LAKE PROCESSING SERVICES, INC.,<br>POMO ONE MARKETING INC.,<br>HABEMCO LLC,<br>GENEL ILYASOVA,<br>MICHAEL SCOTT HAMMER,<br>DENISE DEHAEMERS,<br>SARAH MARIE HIMMLER,<br>DAVID STOVER,<br>JOHN DOES 1-20,<br><br>                Defendants. | No. 1:23-cv-00520-SEB-TAB |

**ORDER ON DEFENDANTS' MOTION TO STAY CASE
PENDING RULING ON MOTION TO COMPEL ARBITRATION AND
PLAINTIFF'S MOTION TO TAKE DISCOVERY AND DEFER RESPONSE**

**I.    Introduction**

Defendants seek an order from the Court staying this case, including all deadlines and proceedings, pending ruling on Defendants' contemporaneously filed Motion to Compel Individual Arbitration. [Filing No. 22.] Conversely, Plaintiff requests that the Court permit him to take discovery before responding to Defendants' Motion to Compel Arbitration, and that the Court defer the parties' deadlines to respond in opposition and reply to that motion. [Filing No. 24.] The Court is not inclined to delay or alter deadlines in this case, particularly in relation to Plaintiff's vague request for discovery. However, there has been no showing that Plaintiff would

be prejudiced by a modest delay to allow time for the motion to compel arbitration to be addressed.  Thus, for reasons explained below, Plaintiff's motion to take discovery [Filing No. 24] is denied, and Defendants' motion to stay [Filing No. 22] is granted in part, subject to further evaluation at the July 31, 2023, initial pretrial conference.

## II.     Background

Plaintiff filed his complaint in this matter in March 2023, alleging Defendants are in the business of extending predatory and unlawful loans in violation of the Indiana Uniform Consumer Credit Code and the Racketeer Influenced and Corrupt Organizations (RICO) Act. [Filing No. 1.]  Defendants responded to Plaintiff's complaint by filing a motion to compel arbitration.  [Filing No. 20.]  In addition, Defendants contemporaneously filed a motion to stay this case pending ruling on the motion to compel arbitration.  [Filing No. 22.]  Plaintiff replied by filing a motion to take discovery and defer his response to Defendants' motion to compel arbitration, which Defendants oppose.  [Filing No. 24.][1]

## III.    Discussion

### a. Defendants' Motion to Stay Case Pending Ruling on Motion to Compel Arbitration

The Court first addresses Defendants' motion to stay this case pending ruling on Defendants' motion to compel arbitration.  Defendants argue a stay is appropriate because Plaintiff will not be unduly prejudiced, it will simplify the issues, and it will reduce the burden of litigation on the parties and the Court.  [Filing No. 22, at ECF p. 1-2.]  Defendants further argue

---

[1] On June 22, 2023, Defendants filed a motion for leave to file a brief sur-reply in opposition to Plaintiff's motion to take discovery and defer response.  [Filing No. 28.]  That motion is granted, and the Court has considered the arguments in Defendants' sur-reply.

that arbitration is a threshold issue that should be resolved at the outset of this case and that litigating the merits would undermine the arbitration process. [Filing No. 23, at ECF p. 2-3.]

As Defendants recognize, the Court has inherent power to stay proceedings and broad discretion in determining whether to do so considering the circumstances of a particular case. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The party seeking a stay has the burden of establishing the need for the motion. *Id*. at 708. "This Court uses three factors to determine if a stay is warranted: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Ogungemi v. Omnicare, Inc.*, No. 1:22-cv-649-SEB-MKK, 2023 WL 2139834, at *1 (S.D. Ind. Feb. 17, 2023) (internal citation and quotation marks omitted).

Defendants correctly argue that any delay would be relatively brief. Moreover, there has been no showing of prejudice to Plaintiff by such a modest delay. In addition, Defendants articulate how a stay pending resolution of its motion to compel arbitration could simplify the issues in question, given that arbitration is a threshold issue to resolve at the outset of a case. *See, e.g., Ogungemi*, No. 1:22-cv-649-SEB-MKK, 2023 WL 2139834, at *2 ("Defendants contend, at the Court agrees, that staying the deadlines will not prejudice or tactically disadvantage Plaintiffs because the stay will be relatively brief and the case is still largely in its early stages. The Court also agrees with Defendants that allowing for the resolution of these motions on significant threshold issues, such as which claims are subject to arbitration . . . will simplify the issues in the case and streamline the case for trial.").

Whether to grant a request to stay is a discretionary call. Based on the foregoing, it is appropriate to grant Defendants' request to stay in part. This case is set for a telephonic initial pretrial conference at 2 p.m. on July 31, 2023, and this conference remains set. The parties need not file a proposed Case Management Plan in preparation for that conference. Rather, as noted below, Plaintiff is directed to file a response to Defendants' motion to compel arbitration within 14 days of this order. That motion should be fully briefed and ripe before the July 31 conference, at which time the Court may revisit the ongoing need for a stay.

### b. Plaintiff's Motion to Take Discovery and Defer Response

Plaintiff requests that the Court permit him to take discovery before responding in opposition to Defendants' motion to compel arbitration. [Filing No. 24.] Plaintiff further requests that the Court defer the parties' respective deadlines to respond to that motion. The Court is disinclined to permit Plaintiff to take discovery prior to responding to Defendant's motion. Plaintiffs vaguely request a stay to "complete discovery regarding the basis for the application of tribal law and to determine whether the arbitration agreement is invalid as a prospective waiver of statutory rights, a sham, or unconscionable." [Filing No. 24, at ECF p. 2.] However, nowhere in Plaintiff's motion does he articulate what discovery he needs before responding to the motion to compel. Plaintiff's reply brief describes his request as for "limited" discovery, but again details no specific discovery requests. [Filing No. 27.] Defendants note in their sur-reply that the tribe's tribal law is publicly available on the tribe's website, further supporting the idea that no delay for discovery is necessary. [Filing No. 28-1, at ECF p. 1.]

For these reasons, Plaintiff's request to take discovery before responding to Defendants' motion to compel arbitration is denied. [Filing No. 24.] Plaintiff further requested that the Court defer the parties' respective deadlines to respond to that motion. Given that the deadline to

4

respond has passed in the time since Plaintiff filed his motion, this request is denied as moot. Plaintiff shall file his response to Defendants' motion to compel arbitration within 14 days of this order.

### IV. Conclusion

Defendants' motion to stay this case pending the Court's ruling on Defendants' motion to compel arbitration is granted in part, pending further evaluation at the July 31, 2023, initial pretrial conference. [Filing No. 22.] Plaintiff's motion to take discovery and defer his response to the motion to compel arbitration is denied. [Filing No. 24.] Plaintiff shall file a response to Defendants' motion to compel arbitration within 14 days of this order.

Date: 6/27/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Paul Crocker
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite 1500
Kansas City, MO 64108