UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON WALTON,<br>on behalf of Plaintiff and the class members described below,<br><br>    Plaintiff,<br><br>v.<br><br>UPROVA CREDIT LLC, UPROVA HOLDINGS LLC, UPPER LAKE PROCESSING SERVICES, INC., POMO ONE MARKETING INC., HABEMCO LLC, GENEL ILYASOVA, MICHAEL SCOTT HAMMER, DENISE DEHAEMERS, SARAH MARIE HIMMLER, DAVID STOVER, and JOHN DOES 1-20,<br><br>    Defendants. | Case 1:23-cv-00520-SEB-TAB |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY (ECF NO. 36)**

Plaintiff misplaces emphasis on the recent ruling in *Harris v. FSST Mgmt. Servs., LLC*, which is easily distinguishable from the present case. No. 22 C 1063, 2023 WL 5096295, at *1 (N.D. Ill. Aug. 9, 2023). There, the contract disclaimed state law and limited enforcement of an arbitrator award to non-appealable judgment of a tribal court. *Id.* at *3. The tribal court could then in turn "for 'any reason' determine the FAA does not apply and trigger the application of tribal law." *Id.* Although nothing in that agreement "explicitly precludes the application of federal law," the court reasoned that it exhibited an attempt to evade such laws. *Id.* at *4. It observed that "Defendants would be careful not to explicitly disclaim federal law while still expecting to benefit from an implicit prospective waiver in a tribal arbitral setting." *Id.* The court concluded that "[h]anding exclusive review of an arbitrator's award to a tribal court—even if that award originated

from a AAA or JAMS arbitrator—permits a tribal court to apply its own law on its own terms when that law does not afford litigants the opportunity to vindicate their federal and state rights." *Id.* at *7.[1]  In other words, the court found an implied prospective waiver because the agreement was silent on the applicability of federal law and left final resolution to the tribal court.

Here, the Consumer Loan and Arbitration Agreement expressly preserves federal statutory rights.  *See, e.g.,* ECF No. 1-1, at 5 ("You agree that this Agreement and all aspects of your loan and your relationship with us including all claims or causes of action (contract, tort, equity, statutory or otherwise) shall be subject to, and governed by and enforced in accordance with the laws of the Tribe and applicable U.S. federal law (collectively, the 'Governing Law')…Nothing in this Loan Agreement shall be interpreted to (i) waive any rights you have under U.S. federal law or (ii) prevent you from bringing any individual Claim against us under U.S. federal law, subject to the Arbitration Agreement's prohibition of a jury trial, class actions, class arbitration, and injunctive relief in favor of non-parties").  There can be no implied waiver because that language is clear.

Unlike the agreement in *Harris*, the Consumer Loan and Arbitration Agreement also expressly authorizes Plaintiff the right to appeal "pursuant to the AAA's Optional Appellate Arbitration Rules or the JAMS Optional Arbitration Appeal Procedures ('Appellate Rules')."  ECF No. 1-1 at 9.  Furthermore, enforcement of an arbitrator's award, if necessary, allows Plaintiff the option of enforcing in Tribal Court *or* "the United States Court for the judicial district in which you reside."  *Id.*  The limited waiver of sovereign immunity granted in the agreement expressly

---

[1] The ruling loosely discusses the prospective waiver of federal and state rights, much in the same way as other cases do where there has been a waiver of both.  That dicta should not be read as fundamentally altering the doctrine as existing to preserve state rights.  The focus on the ruling is the waiver of federal statutory rights which is what the doctrine exists to protect as discussed above.

extends to that forum.  *Id.*

　　Whatever concerns caselaw such as *Harris* may have identified about tribal courts, there is no such risk here because Plaintiff is not required to ultimately prevail in a tribal court.  There is no tandem operation of a choice-of-law clause and choice-of-forum clause from which to imply a prospective waiver.

　　 For example, in *Huntley v. Rosebud Economic Devl. Corp.*, a California federal court recently compelled arbitration despite a choice-of-law clause that required application of tribal law.  No. 22-CV-1172-L-MDD, 2023 WL 5186247, at *6 (S.D. Cal. Aug. 11, 2023).  The agreement authorized arbitration with AAA or JAMS but was silent as to the applicability of federal law.  *Id.*  There was no choice of forum clause.  *Id.*  "Without the tandem choice of law and choice of forum clauses" it was uncertain whether federal law was precluded.  *Id.* at *7.  Resolution of the issue was a question for the arbitrator.  *Id.*

　　Unlike any of the cases discussed by Plaintiff's opposition, the Consumer Loan and Arbitration Agreement here leaves nothing uncertain.  It expressly preserves federal statutory rights.  There is no forum clause that undermines the express preservation of federal statutory rights.  The recent ruling in *Harris* does not support finding a prospective waiver of federal rights or unconscionability here.

Date:  September 1, 2023							Respectfully submitted,

*/s/ Paul Croker*
Offer Korin [Atty No. 14014-49]
Brooke Smith [Atty No. 32427-03]
STOLL KEENON OGDEN PLLC
334 N. Senate Avenue
Indianapolis, IN 46204
Office (317) 464-1100; Fax (317) 464-1111
offer.korin@skofirm.com
brooke.smith@skofirm.com

Paul Croker [admitted PHV]
ARMSTRONG TEASDALE
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Phone: 816-221-3420; Fax: 816-221-0786
pcroker@atllp.com

*Counsel for Defendants, Uprova Credit, LLC, Uprova Holdings, LLC, Upper Lakes Processing Services, Inc., Pomo One Marketing, Inc., HABEMCO, LLC, Genel Ilyasova, Michael Scott Hammer, Denise DeHaemers, Sarah Marie Himmler, David Stover*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **September 1, 2023**, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system:

| | |
|---|---|
| Daniel A. Edelman<br>Heather A. Kolbus<br>Matthew J. Goldstein<br>EDELMAN COMBS LATTURNER &<br>  GOODWIN LLC<br>*Counsel for Plaintiff* | courtecl@edcombs.com<br>hkolbus@edcombs.com<br>mgoldstein@edcombs.com |

                        *Paul Croker*
                        Paul Croker