IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON WALTON,<br>on behalf of Plaintiff and the class members<br>described below,<br><br>      Plaintiff,<br><br>vs.<br><br>UPROVA CREDIT LLC;<br>UPROVA HOLDINGS LLC;<br>UPPER LAKE PROCESSING SERVICES, INC.;<br>POMO ONE MARKETING INC.;<br>HABEMCO LLC;<br>GENEL ILYASOVA;<br>MICHAEL SCOTT HAMMER;<br>DENISE DEHAEMERS;<br>SARAH MARIE HIMMLER;<br>DAVID STOVER;<br>and JOHN DOES 1-20,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) 1:23-cv-00520-SEB-TAB<br>)<br>) Judge Sarah Evans Barker<br>) Magistrate Judge Tim A. Baker<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF AARON WALTON'S MOTION FOR (A) RECONSIDERATION
OF THE COURT'S ORDER OF MARCH 21, 2024 OR
(B) CERTIFICATION FOR APPEAL UNDER 28 U.S.C. §1292(b).**

    Plaintiff Aaron Walton respectfully requests that the Court either (a) reconsider its order of March 21, 2024 or (b) certify it for appeal under 28 U.S.C. §1292(b).

    The grounds for this motion are as follows:

1.     This Court's opinion is based on two propositions:

    a.     *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 n. 5 (2022), reh'g denied, 143 S.Ct. 60 (2022), does not address the "prospective waiver" or "effective vindication" doctrine. Therefore, an arbitration clause which waives rights arising under state law is legally enforceable.

    b.     An arbitration agreement which provides that it is governed by tribal law and federal law, but not state law, is an enforceable contract.

1

2. The Court's conclusions on both points were incorrect.

**Interpretation of *Viking River***

3. The Court's interpretation of *Viking River* is directly contrary to that of the Northern District of Illinois in *Fahy v. Minto Dev. Corp.*, 23cv3590, 2024 U.S. Dist. LEXIS 45147, at *37-38 (N.D. Ill. Mar. 14, 2024) (Kennelly, J.):

> The defendants also contend that the prospective waiver doctrine applies only to waivers of federal law. But the Supreme Court directly addressed this contention in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 142 S. Ct. 1906, 213 L. Ed. 2d 179 (2022). In that case, the defendant argued in briefing that the prospective waiver doctrine applied only to waivers of federal statutes. *Id.* at 653 n.5. The Court rejected the defendant's argument as "erroneous" and highlighted its discussion of the prospective waiver doctrine in *Preston v. Ferrer*, 552 U.S. 346, 128 S. Ct. 978, 169 L. Ed. 2d 917 (2008), a case that concerned state law claims. *Id.* The defendants attempt to downplay the significance of the Supreme Court's language by calling it "dicta." Defs.' Reply in Supp. of Mot. to Compel Arb. at 9. But the Seventh Circuit has stated that absent controlling precedent, considered Supreme Court dictum "provides the best, though not an infallible, guide to what the law is, and it will ordinarily be the duty of a lower court to be guided by it." *Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994).

4. As the court held in *Fahy*, the statement in the Supreme Court's opinion was directly responding to arguments based on the "prospective waiver" doctrine. Initial brief of Appellee-Respondent in *Viking River Cruises, Inc. v. Moriana*, 2022 U.S. S. CT. BRIEFS LEXIS 678, *33-37. The argument therein concluded, "The FAA does not authorize enforcement of agreements to waive [California state law] PAGA claims any more than it authorizes agreements to waive the rights and remedies made available by those other statutes."

5. The Supreme Court agreed that an arbitration agreement purporting to waive state law claims was not enforceable.

**Disclaimer of state law**

6. "When deciding whether the parties agreed to arbitrate a certain matter, courts generally should apply ordinary state-law principles that govern the formation of contracts." *Kass v. Paypal Inc.*, 75 F.4th 693, 701 (7th Cir. 2023). Normally, that is the law of the state where the District Court sits, here Indiana. *Id.* The Federal Arbitration Act merely prohibits otherwise applicable state law from treating agreements to arbitrate less favorably than other contracts. "But

the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules. . . . Our frequent use of that phrase connotes something different. Th[e] policy, we have explained, is merely an acknowledgment of the FAA's commitment to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 142 S. Ct. 1708, 1713 (2022).

7. The problem is that the agreement's disclaimer of state law prevents use of any state's law, including that of Indiana (which would normally be applied by this Court). In *Hengle v. Treppa*, 19 F.4th 324, 339-40 (4th Cir. 2021), *cert. dismissed sub nom. Asner v. Hengle*, 212 L. Ed. 2d 795, 142 S. Ct. 2093 (2022), the court held that a loan agreement which provided for application of federal and tribal law but not state law was not enforceable because state contract law was necessary to have an agreement to arbitrate.

8. In the present case, there is nothing in the record which shows (a) that there is a body of Tribal contract law authorizing agreements to arbitrate, or that (b) the Tribe has the authority to prescribe rules of contract law governing transactions conducted over the Internet with non-members of the tribe, see *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 115 (2d Cir. 2014).

9. Indeed, the Court noted that "though the Governing Law clause provides for Tribal law, neither party cites any pertinent Tribal law provisions." *Walton v. Uprova Credit LLC*, 1:23-cv-00520-SEB-TAB, 2024 U.S. Dist. LEXIS 51187, at *20 (S.D. Ind. Mar. 21, 2024). Plaintiff cannot locate any such law, and Defendants, who would have superior knowledge on the subject, cite none.

10. The Court concluded from the absence of any evidence of Tribal law authorizing agreements to arbitrate that "speculation is never grounds to invalidate an arbitration agreement, [so] we cannot opine on the sufficiency of Tribal contract law where none has been provided to us." *Id.* The problem with this statement is that agreements to arbitrate a dispute in advance of its arising

were not enforceable at common law. The whole purpose of arbitration statutes was "to make it possible to specifically enforce a contractual agreement to arbitrate disputes. Before this legislation, under the common law, such a contractual agreement had no practical effect. Not being specifically enforceable, a contractual agreement to arbitrate disputes could be ignored." *Chauffeurs, Teamsters, etc. v. Ruan Transp. Corp.*, 473 F. Supp. 298, 302 (N.D. Ind. 1979).

11. Thus, if the arbitration agreement disclaims state law, there is no Tribal law authorizing an agreement to arbitrate, and the Federal Arbitration Act only prohibits otherwise applicable state law from treating agreements to arbitrate less favorably than other contracts, there is no applicable law authorizing an agreement to arbitrate. The effect of a "choice of no law" clause is to invalidate both the arbitration agreement and the agreement to delegate issues to an arbitrator.

### §1292(b) certification

12. If the Court does not reconsider its decision, Plaintiff requests certification pursuant to 28 U.S.C. §1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

13. Here, there are two questions of law:

   a. Does *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 142 S. Ct. 1906, 213 L. Ed. 2d 179 (2022), apply to invalidate arbitration clauses which operate in tandem with choice of law clauses to disclaim rights under state statutory law, as opposed to federal statutory law?

   b. Is an arbitration agreement which disclaims state law an enforceable contract where no other body of contract law authorizing agreements to arbitrate is identified.

14. Both questions are controlling. Answering either in favor of Plaintiff would require a result opposite to that reached by the Court.

15. Both questions are contestable – as set forth above, other courts have reached the opposite conclusion from this Court on both issues.

16. Requiring Plaintiff to proceed with an arbitration which cannot grant the relief sought in this matter and then seek review of this Court's conclusion would materially delay ultimate resolution of the litigation. Conversely, an immediate appeal would speed it up.

**Conclusion**

17. The Court should either (a) reconsider its order of March 21, 2024 or (b) certify it for appeal under 28 U.S.C. §1292(b).

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Heather A. Kolbus
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## CERTIFICATE OF SERVICE

Daniel A. Edelman certifies that on March 26, 2024, this document was filed via ECF, causing a copy to be served on all counsel of record.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

T:\39078\Pleading\ Plaintiff's Motion for reconsideration or appeal DAE 3-25-24_Pleading.WPD